IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DONELSON, # R-02279, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   vs.   ) | Case No. 15-cv-095-JPG |
|   ) | |
| DR. SHEARING, ) | |
| and DR. NWAOBASI, ) | |
|   ) | |
|   Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. On January 29, 2015, following the Memorandum and Order entered in *Donelson v. Holton, et al.*, No. 14-cv-1311-SMY-PMF (Doc. 1 in the instant case), this matter was severed from the original case. Plaintiff was directed to notify the Court by March 4, 2015, if he did not wish to proceed with this severed claim for deliberate indifference to his medical condition (designated as Count 7 in the original case), in order to avoid incurring an additional $350 filing fee in this new case.

Plaintiff filed his notice of compliance (Doc. 5) on February 13, 2015, stating his decision to proceed with this severed case. Accordingly, service shall be ordered on the Defendants, and the matter shall be referred to a United States Magistrate Judge for further consideration. A separate order shall be entered to address Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 3) with regard to the filing fee for this case.

Plaintiff's notice of compliance (Doc. 5) also included a request for U.S. District Judge Staci M. Yandle, who is presiding over the original action (*Donelson v. Holton, et al.*, No. 14-cv-1311-SMY-PMF) to "retain concurrent jurisdiction" over this severed case. Plaintiff is advised

that all newly-opened cases, including new severed cases such as this one, are randomly assigned among the District Judges.  Therefore, the undersigned Judge shall continue to preside over this severed case.

Plaintiff is **ADVISED** that in the future, he must file all motions and other documents pertaining to this severed case under Case Number 15-cv-95-JPG, instead of in the original case.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **SHEARING** and **NWAOBASI**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 20, 2015**

*s/J. Phil Gilbert*
United States District Judge
