IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES DONELSON, R02279, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00095-JPG-PMF |
| | ) | |
| DR. SHEARING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 35) of Magistrate Judge Philip M. Frazier with regard to the 28 U.S.C. § 1915A review of the Plaintiff's Second Amended Complaint (Doc. 34). The Plaintiff filed a timely an Objection (Doc. 36) to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Plaintiff has filed an objection, so this Court will review *de novo* those portions of the R & R to which an objection has been filed. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Magistrate Judge determined that the Plaintiff had articulated a colorable federal cause of action as follows:

>Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shearing and Dr. Nwaobasi for failure to treat the plaintiff's ear and throat conditions; and

>Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Medical Technician Amy Lane for delaying the plaintiff's referral to see a physician.

To state an Eighth Amendment claim, an inmate must show that officials either intended to inflict suffering or acted with deliberate indifference, where the official "knows of and disregards an excessive risk to inmate health or safety." *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir.2001) (quoting *Farmer v. Brennan*, 511 U .S. 825, 837 (1994)).

Plaintiff has made a threshold showing with regard to defendants Shearing, Nwaobasi, and Lane; however, he fails to make a threshold showing with regard to any other defendant. Further, it is unclear in Plaintiff's Amended Complaint what additional defendants he may have been seeking to add. After listing the defendants, Plaintiff states, "All these are not defendants but show continue course of injury still not treated subject to new law suit possibly soon." (Doc. 34, page 4).

As such, the Court will look to Plaintiff's Objection (Doc. 36) which states that the Plaintiff objects, ". . .that a claim fails to be stated against Atchinson, Butler, Dr. Shearing, Wexford, Oakley."

First, as stated above, a claim is proceeding with regard to Dr. Shearing and Plaintiff's objection in that regard is moot. With regard to Defendants Atchinson, Wexford, and Butler, defendants cannot be held responsible under a theory of *respondeat superior* and there are no allegations within the Plaintiff's Amended Complaint that any of these individuals' actions raise to the level of an Eighth Amendment violation. This reasoning also applies to defendant Dr. Shicker, Director Andrew Tilden, James Caruso, and Richard Harrington.

Although there is an allegation that defendant Oakley failed to place the Plaintiff on the MD line to see a physician, it was a single, isolated incident which also fails as isolated instances of neglect are generally insufficient to support a claim of Eighth Amendment deliberate indifference. *See, Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). Therefore, defendant Oakley is **DISMISSED** with prejudice from this action.

Finally, there is no information pertaining to defendant "Ojelade" or John Does 1-15. The Amended Complaint lists Ojelade as a defendant and states "Ojelade is under Wexford at Pontiac, IL 61764." However, there are no allegations within the body of the Amended Complaint with regard to defendant Ojelade and/or John Does 1 - 15. As such, defendant Ojelade and defendants John Does 1 -15 are **DISMISSED** without prejudice.

Based on the above, the Court hereby **ADOPTS** the Report in its entirety (Doc. 35) and the Plaintiff's Amended Complaint may proceed on the following counts:

Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shearing for failure to treat the plaintiff's ear and throat conditions;

Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Nwaobasi for failure to treat the plaintiff's ear and throat conditions; and

Count 3: Eighth Amendment deliberate indifference to serious medical needs claim against Medical Technician Amy Lane for delaying the plaintiff's referral to see a physician.

Defendants **Atchinson, Wexford, Butler, Tilden, Harrington, Caruso, Oakley**, and **Shicker** are **DISMISSED** with prejudice from this action. Defendants **Ojelade** and John Does 1-15 are **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **Lane** : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 6/22/2015          *s/J. Phil Gilbert*
　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　**DISTRICT JUDGE**