IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DONELSON, R02279, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00095-JPG-PMF |
| | ) |
| DR. SHEARING, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on numerous pending motions as follows:

1. Plaintiff's Motion for Sanction (Doc. 123);

2. Plaintiff's Motion for Recruitment of Counsel (Doc. 130);

3. Plaintiff's Motion for Sanction and for Discovery Violation (Doc. 131);

4. Plaintiff's Appeal of Magistrate Judge's Order (Doc. 132);

5. Plaintiff's Motion to Recuse Magistrate Judge on Bias (Doc. 133);

6. Plaintiff's Motion to Strike Defendant Lang (Doc. 137);

7. Defendant Aimee Lang's Motion to Withdraw Extension of Time (Doc. 140);

8. Plaintiff's Motion to Strike Recusal (Doc. 141);

9. Plaintiff's Motion to Strike Recusal (Doc. 142);

10. Plaintiff's Motion for Status of All Pending Motions (Doc. 143); and

11. Plaintiff's Motion for Recruitment of Counsel (Doc. 144).

I.  **Background**.

According to the plaintiff's amended complaint, he was an inmate at Menard Correctional Center from July 2012 to October 2013 and in November of 2012, he began experiencing pain in his ear and throat. The plaintiff notified Medical Technician Aimee Lang of these issues and

Lang told the plaintiff that she would schedule him for the medical line.  The Plaintiff was not seen until two months later when he was examined by Dr. Nwaobasi.  Dr. Nwaobasi observed that the plaintiff's tonsils were swollen and ordered a prescription for a flu shot, vitamin C, ibuprofen and chlorpheniramine.  The plaintiff continued to experience throat and ear problems and again notified Lang of the issue.   Plaintiff was then seen by Dr. Shearing in March of 2013.  Dr. Shearing observed that the plaintiff's tonsils were red and swollen, but according to the Plaintiff, declined to provide treatment for the condition.

Plaintiff is proceeding on one count of deliberate indifference to a serious medical need against defendants Dr. Shearing and Dr. Nwaobsi and one count of deliberate indifference to a serious medical need against Medical Technician Lang.

## II.     Motions to Strike Recusal.

Plaintiff's Motions to Strike Recusal (Docs. 141 & 142) both state that Motion to Recuse (Doc. 133) was intended to be a supplemental to Plaintiff's Appeal of Magistrate Judge's Order (Doc. 132).  As such, Plaintiff asks the Court to Strike the Motion to Recuse and consider it as a supplement to the appeal.

Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, these are motions - not pleadings - and therefore, cannot be stricken, only withdrawn.  As such, the Court **DENIES** both motions, but taking into consideration that the Plaintiff is *pro se,* the Court will consider the Motion to Recuse (Doc. 133) concurrent with the Appeal of the Magistrate Judge's Order (Doc. 132).

III. **Motion to Strike Defendant Lang**.

Plaintiff's Motion to Strike Defendant Lang (Doc. 137) requests that the Court strike Defendant Lang's Motion (Doc. 135) for Extension of Time to File Response to Plaintiff's Motion (Doc. 123) for Sanctions. Defendant Lang then filed a Motion (Doc. 140) to Withdraw the Motion for Extension stating the motion to strike indicated that the sanctions request was not directed at Defendant Lang. However, prior to receiving the motion to strike and the motion to withdraw, the Court granted (Doc. 136) the motion for extension. As such, Plaintiff's Motion to Strike Defendant Lang (Doc. 137) and Defendant Lang's Motion (Doc. 140) to Withdraw are moot.

IV. **Appeal of Magistrate Judge's Order and Request for Recusal**.

The Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, Courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990). Even pro se litigants must put forward some legal argument in support of their contentions. *See Mathis v. New York Life Ins.*, 133 F.3d 546, 548 (7th Cir.1998).

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Plaintiff's motion (Doc. 132) objects to Magistrate Judge Frazier's orders at docket entries 128 and 129. Docket entry 128 granted Defendants' Motion (Doc. 127) to Withdraw Defendants' Motion (Doc. 80) for Summary Judgment and lifted the discovery limitations. Docket entry 129 rules on documents 107, 108, 110, 111, 112, 113, 114, 115, 116, and 120. However, Plaintiff's motion further requests that this Court "overturn magistrate judges orders Doc. 106, 108, 110, 111, 112, 113, 115, 116, 120, 128, 129, 103, 93, 100 93 (*repeated in original*)." Docket entry 106 ruled on documents 104 and 105 and documents 93 and 100 were denied at docket entry 103. In sum, Plaintiff is requesting a review of 18 nondispositive orders that Magistrate Judge Frazier has entered in this matter and that sanctions be granted against the defendants in the amount of $80 million dollars.

The Court will conduct a *de novo* review of those orders indicated in Plaintiff's request for reconsideration. First, there is no objection to the rulings pertaining to documents 107 and 114 and as such, the Court has reviewed those portions for clear error and finds none.

Next, Federal Rule of Civil Procedure 72(a) and Local Rule 73.1(a) require that any objection must be filed within 14 days after being served with a copy of the written order stating the decision. The order with regard to document 106 was entered on November 4, 2015; the order with regard to document 103 was entered on September 28, 2015; and the order with regard to document 93 was entered on September 11, 2015. Plaintiff does not indicate that there was a delay in receiving any of these decisions. Therefore, an objection to these rulings are time barred.

That leaves the following rulings for review:
   a. Order granting withdraw of Motion (Doc. 127) for Summary Judgment (Doc. 128);
   b. Order finding Motion (Doc. 108) to Supplement moot (Doc. 129);

    c.  Order finding Motion (Doc. 110) to Inform as moot (Doc. 129);

    d.  Order finding Motion (Doc. 111) to Amend/Correct as moot (Doc. 129);

    e.  Order finding Motion (Doc. 111) to Strike as moot (Doc. 129);

    f.  Order denying Motion (Doc. 112) for Extension of Time to Complete Discovery (Doc. 129);

    g.  Order finding Motion (Doc. 113) to Supplement as moot;

    h.  Order finding Motion (Doc. 115) to Compel as moot;

    i.  Order finding Motion (Doc. 116) to Compel as moot; and

    j.  Order finding Motion (Doc. 120) to Compel as moot.

Plaintiff's Motion (Doc. 111) for Leave to Amend and to Strike request that his Motion (Doc. 108) to Supplement be stricken and filed as a supplement to his Rule 59(e) motion (Doc. 60). The Court ruled on Plaintiff's Rule 59(e) on September 8th, 2015 and therefore, Plaintiff's Motion (Doc. 111) for Leave and Motion (Doc. 108) to Supplement was properly determined moot on January 14, 2016. Further, as the Defendants withdrew their Motion for Summary Judgment, that portion of Plaintiff's Motion (Doc. 111) for Leave to Amend his response to Defendants' motion for summary judgment was also properly determined moot.

Plaintiff's Motion to Strike Supplement (Doc. 113) also requests that the Court strike Plaintiff's Motion to Supplement (Doc. 108) and "move it to Doc 105." For the same reasons stated above, this motion was also properly determined as moot.

Next, Plaintiff's Motion (Doc. 110) to Inform is not a proper motion. If Plaintiff was having difficulty with the filing system in his facility, he should have sought relief through the proper grievance procedures at the facility in which he is incarcerated. The motion did not request any additional time for a response to any specific pending motion, but was filed in all of

the Plaintiff's pending cases within this Court. Therefore, it was also proper for the Magistrate Judge to determine that motion moot.

Plaintiff has three pending motions to compel (Docs. 115, 116, & 120). The first motion to compel (Doc. 115) asks the court to compel defendant's initial disclosures. If the Plaintiff is referring to the initial disclosure requirement of Federal Rule of Civil Procedure 26, it does not apply as prisoner civil rights cases are exempt from the initial stages of disclosure and discovery under Federal Rule of Civil Procedure 26(a)(1)(B) and Local Rule 26.1(a)(2). As such, it would not be clearly erroneous or contrary to law to deny or to find the motion moot.

The second motion to compel (Doc. 116) also requests initial disclosures and for the Court to compel Plaintiff's Federal Rule of Civil Procedure 34 discovery request to the defendants. The discovery request sought copies of all grievances in connection with the allegations contained in the complaint. On November 4, 2015, Magistrate Judge Frazier ordered Defendant Lang to provide the plaintiff "any relevant grievances, all responses to those grievances, including grievance counselor responses and determination by the Administrative Review Board." (Doc. 106) Based on that order, the Plaintiff filed his third motion to compel (Doc. 120) which requested that Defendant Lang comply with the Magistrate Judge's order.

Defendant Lang responded to Plaintiff Motion to Compel (Doc. 120) and attached a copy of Defendant Lang's initial disclosures and supplemental disclosures. Defendant Lang also stated to the Court that all documents were produced and that there were no further relevant grievances or log books. (Doc. 122).

The first two motions became moot upon the filing of the third as each of the three motions were directed to Defendant Lang and made the same basic requests. Therefore, Magistrate Judge's Frazier's findings that Plaintiff's Motions to Compel (Doc. 115 & 116) were

moot was not clearly erroneous or contrary to law.

However, upon *de novo* review, it doesn't appear that Plaintiff's third motion to compel (Doc. 120) was moot.  Defendant Lang indicated compliance with discovery and the Magistrate's order in her response to the Motion to Compel.  As such, the Magistrate Judge should have considered the Plaintiff's motion along with the defendant's response and either granted or denied the motion.

The Court has reviewed the motion and the defendant's response *de novo* and finds that Defendant Lang complied with the court's order (Doc. 106) and with the Plaintiff's discovery requests.  Therefore, Plaintiff's Motion to Compel (Doc. 120) is denied.

Plaintiff's Motion (Doc. 112) for Extension of Time was also properly determined as moot.  Plaintiff requested additional time to respond to Defendant's Lang discovery requests up to January 10, 2016.  The Magistrate Judge did not rule on the motion until January 14, 2016.  As such, Plaintiff's Motion for Extension of Time was moot at that point.

The Court now moves on to the Magistrate Judge's ruling at docket entry 128 which granted Defendants Shearing and Nwaobasi' Motion (Doc. 127) to Withdraw their Motion (Doc. 80) for Summary Judgment.  The defendants stated in their motion that they had recently received additional documents from a co-defendant.  Those documents indicated that the plaintiff did exhaust his administrative remedies.  As such, the Defendants took the proper procedures to notify the court and withdraw their motion as the motion no longer complied with Federal Rule of Civil Procedure 11.  As such, the Magistrate Judge properly allowed the defendants to withdraw their motion and the ruling was not clearly erroneous or contrary to law.

Based on the above, all findings contained in the text of docket entries 128 & 129 have been reviewed *de novo* and found not clearly erroneous or contrary to law except for the finding

with regard to Plaintiff's Motion (Doc. 120) to Compel which is denied.  Therefore, Plaintiff's Appeal of Magistrate Judge's Orders (Doc. 132) is **DENIED,** except with regard to Plaintiff's Motion to Compel (Doc. 120) to which the appeal is **GRANTED**, and upon review, the motion **DENIED.**

As previously stated, the Court indicated it would consider Plaintiff's Motion (Doc. 133) to Recuse in conjunction with the Plaintiff's Appeal of Magistrate Judge's Orders. The Plaintiff states that Magistrate Judge Frazier should be recused pursuant to 28 U.S.C. § 144 which states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

§ 144 goes on to state that such affidavit must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time,"  and limits a party to only one such affidavit in any given case.

Plaintiff's Motion cannot stand, because first, the Plaintiff's affidavit is filed out of time and does not contain any good cause for late filing.  Second, Plaintiff has previous filed a Motion (Doc. 107) for Magistrate Judge Frazier to Disqualify and Recuse which he voluntary asked to be stricken (Doc. 114).  Therefore, the motion does not comply with § 144 and is denied.

After filing, the Plaintiff may have become aware that he could no longer file a motion under § 144 and therefore, filed the motions to strike  requesting this motion be a supplement to this objection.  However, there is no statutory and/or case law within the Motion to Recuse that would assist the Plaintiff's objection - other than a possible attempt to indicate that the Magistrate Judge's ruling were incorrect based on bias.  If that is the reasoning, it fails.

V.  **Plaintiff's Motions for Sanctions**.

Plaintiff also has two pending motions for sanctions (Docs. 123 & 131). Federal Rule of Civil Procedure 11(c) allows the Court to impose sanctions upon a party that has made a misrepresentation to the Court. Plaintiff is claiming that Defendants Shearing and Nwaobasi misrepresented that they had provided to the plaintiff all documents with regard to exhaustion (Doc. 123). In Plaintiff's first Motion for Sanctions, he requests that defendants Shearing and Nwaobasi' Motion for Summary Judgment be dismissed and that the Plaintiff be awarded "2.7 million from Defendant Nwaobasi and 9.7 million from Defendant Shearing." (Doc. 123) In this second Motion for Sanctions, he again requests that, "Defendant shall be order to withdraw their motion that is bogus" and that he be awarded 28 million from the defendants.

Rule 11(c)(2) provides that a motion for sanctions, "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." The first motion for sanctions was filed (and considered served) on January 11, 2016. The Defendants filed a motion to withdraw their summary judgment on January 13, 2016. Therefore, Plaintiff's Motion for Sanction (Doc. 123) should not have been presented to the court as the defendants had withdrawn its motion within the allotted 21 days. The second motion to compel was also filed after the defendants took corrective actions.

By all indications, the plaintiff has received all documents and although there may have been a delay in the production of the documents, there is nothing to suggest that the defendants did so willfully or with intent to harass. There is also no indication that the Plaintiff suffered any harm due to the delay. As corrective action was taken within the period prescribed, Plaintiff's Motions for Sanctions (Doc. 123 & 131) are **DENIED**.

The Plaintiff next has two pending motions for appointment of counsel (Docs. 130 & 144). Plaintiff's first motion for counsel also requests an extension of the discovery deadlines. The Court will first address the discovery extension request.

Plaintiff states that discovery, "was held off and is set to end in April and May 2016 approx and plaintiff cannot maintain this discovery in the time given." He does not give any specific reason other than "discovery is difficult and exceeds plaintiff ability." The discovery deadlines are still months away and Plaintiff has given no indication of any specific discovery that he cannot complete within the time currently allotted. Plaintiff is free to file a motion for extension closer to any deadline and such extension request should include specific discovery yet to be completed at that time that would justify an extension.

With regard to that portion of the motion requesting counsel, a review of the file indicates that the circumstances presented in this case warrant recruitment of counsel. *See Perez v. Fenoglio*, __ F.3d __ (7th Cir. July 7, 2015) (emphasizing that "counsel is critical at all stages of litigation" and encouraging district courts to recruit counsel for *pro se* prisoner litigants). Plaintiff's Motion for Counsel (Doc. 130) is **GRANTED** with regard to the appointment of counsel and **DENIED** with regard to an extension of the discovery deadlines. The subsequent motion (Doc. 144) for recruitment of counsel is **DENIED** as moot as there was already a pending motion for counsel before the Court.

Finally, the Plaintiff requests that if this Court denies his motion for reconsideration of the magistrate judge's orders or doesn't enter sanctions, that the court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff cites to *Certain Underwriters at Lloyd's,*

*London, Subscribing To Policy No. 501/NM03ACMB v. Nance,* No. CIV.04 937 JB/WDS, 2006 WL 4109675 (D.N.M. Aug. 24, 2006)[1] which states that:

> In 1958, Congress enacted 28 U.S.C. § 1292(b), which empowers the district courts to certify certain pivotal and debatable decisions for immediate review: When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order. *Id.* at *2.

However, Plaintiff fails to cite to any controlling question of law that is the substantial ground for a difference of opinion. Further, given the Plaintiff's request for reconsideration covers numerous motions and varied statutes along with extensive case law, this Court has no means to determine exactly which ruling, statutory law, and/or case law that the Plaintiff believes is the ground of a difference of opinion.

Lastly, Plaintiff's Motion (Doc. 143) for Status of All Pending Motions is GRANTED. This Order provides a ruling on all motions pending as of the date of this order.

VI.   **Conclusion**.

The numerous motions addressed in this order appear to center around the discovery issue of whether all documents pertaining to the allegations have been provided to the plaintiff. A

---

[1] The Court notes that this case is not controlling precedent, but the Court will consider the reasoning of the decision.

magistrate judge possess "extremely broad discretion in controlling" discovery. *Jones v. City of Elkhart, Ind.*, 737 F.3d. 1107, 1115 (7th Cir. 2013). It appears that Magistrate Judge Frazier has exercised his discretion appropriately and there does not appear to be any indication that the defendants are participating in discovery in an improper manner to harass or cause unnecessary delay. Based on the above, the Court finds as follows:

1. Plaintiff's Motion for Sanction (Doc. 123) is **DENIED**;
2. Plaintiff's Motion for Recruitment of Counsel (Doc. 130) is **GRANTED** in part and **DENIED** in part;
3. Plaintiff's Motion for Sanction and for Discovery Violation (Doc. 131) is **DENIED**;
4. Plaintiff's Appeal of Magistrate Judge's Order (Doc. 132) is **GRANTED** in part and **DENIED** in part;
5. Plaintiff's Motion to Recuse Magistrate Judge on Bias (Doc. 133) is **DENIED**;
6. Plaintiff's Motion to Strike Defendant Lang (Doc. 137) is **DENIED** as moot;
7. Defendant Aimee Lang's Motion to Withdraw Extension of Time (Doc. 140) is **DENIED** as moot;
8. Plaintiff's Motion to Strike Recusal (Doc. 141) is **DENIED**;
9. Plaintiff's Motion to Strike Recusal (Doc. 142) is **DENIED**;
10. Plaintiff's Motion for Status of All Pending Motions (Doc. 143) is **GRANTED**; and
11. Plaintiff's Motion for Recruitment of Counsel (Doc. 144) is **DENIED** as moot.

Magistrate Judge Frazier is **DIRECTED** to recruit counsel for Plaintiff Charles Donelson pursuant to § 1915(e)(1) and Local Rule 83.1(i).

**IT IS SO ORDERED.**

**DATED:** 3/8/2016        *s/J. Phil Gilbert*
                          **J. PHIL GILBERT**
                          **DISTRICT JUDGE**