**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHARLES DONELSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-CV-95-SMY-RJD** |
| | ) | |
| **DR. SHEARING, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff Charles Donelson's Appeal of Magistrate Judge Decision to District Court Judge (Doc. 190). Plaintiff appeals Magistrate Judge Daly's rulings allowing appointed counsel to withdraw and declining to appoint Plaintiff new counsel. For the following reasons, Plaintiff's appeal is **DENIED** and the ruling of Magistrate Judge Daly is **AFFIRMED**.

In reviewing a magistrate judge's ruling on a non-dispositive matter, a district judge should not disturb the ruling unless it is contrary to law or clearly erroneous. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). There is no constitutional or statutory right to court-appointed counsel in a federal civil case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Nevertheless, 28 U.S.C. § 1915(e)(1) permits a court, in its discretion, to ask lawyers to represent indigent litigants on a volunteer basis. Once counsel is assigned, Local Rule 83.11 provides that "counsel may apply to be relieved of an order of assignment on the following grounds or on such grounds as the assigning judge finds adequate for good cause shown […]" S.D.L.R. 83.11.

Plaintiff asserts that Judge Daly should not have allowed assigned counsel to withdraw

and should, at the very least, assign new counsel to represent him.  Judge Daly determined, based on the allegations in Plaintiff's *pro se* motion for new counsel recruitment (Doc. 172) and Counsel's motion to withdraw (Doc. 176), that the attorney-client relationship was beyond repair.  Judge Daly further determined that, at this stage in the litigation, Plaintiff is adequately capable of handling his case through the resolution of dispositive motions and that Plaintiff may request counsel if his claims proceed to trial.  As Plaintiff has no constitutional or statutory right to court-appointed counsel, Judge Daly's rulings were neither clearly erroneous nor contrary to law.  Accordingly, the appeal is denied.

      **IT IS SO ORDERED.**

      **DATED:  December 6, 2016**

                                       **s/ Staci M. Yandle**
                                       **STACI M. YANDLE**
                                       **United States District Judge**