# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DONELSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:15 CV 95 SMY/RJD |
| | ) |
| DR. SHEARING, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the pending motions filed by Plaintiff Charles Donelson. (Docs. 192, 207, 209, 210, 219, 221, 222, 230.) On November 25, 2014, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations. (Docs. 1, 18.) On January 29, 2015, the Court severed Plaintiff's claims into separate actions. The instant action pertains to Plaintiff's claim that Defendants violated Plaintiff's Eighth Amendment rights by denying medical treatment for his tonsils at Menard Correctional Center. (Doc. 18.)

## Motion to Compel Discovery

Plaintiff moves to compel Defendants to respond to his discovery requests and for discovery sanctions. (Doc. 207.) Plaintiff argues that Defendant Lang failed to respond, and Defendant Lang counters that Plaintiff did not serve her with discovery requests. On November 23, 2016, the Court ordered Plaintiff to file a motion to extend the discovery deadline by December 22, 2016, and to attach copies of any new discovery requests as exhibits. (Doc. 190.) Plaintiff submitted a motion for an extension of time for discovery, with proposed discovery

requests as attachments, and the Court granted the extension. (Docs. 202, 206.) Although the Court sent Defendant Lang copies of the discovery requests, Plaintiff did not independently serve any defendant with the discovery requests. As a result, the status of the discovery requests was ambiguous; the discovery requests could have been reasonably construed as exhibits in support of Plaintiff's motion for an extension of time rather than live discovery requests. The Court finds that sanctions are unwarranted, but, for the sake of judicial economy, Defendant Lang should respond to the discovery requests by May 30, 2017. Plaintiff's Motion to Compel is granted with respect to Defendant Lang.

Plaintiff also argues that Defendants Shearing and Nwaobosi's responses are evasive. Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004). "The burden in a motion to compel rests with the party seeking discovery to explain why the opposing party's responses are inadequate." *MSTG, Inc. v. AT & T Mobility LLC*, 2011 WL 221771, at *6 (N.D. Ill. 2011).

In the interrogatories at issue, Plaintiff requests information related to his medical complaints, diagnoses and treatment. (Doc. 207 at 9-13.) For nearly every response, Defendants

Shearing and Nwaobosi refer Plaintiff to previously produced medical records and policies. (*Id.*)

The Federal Rules of Civil Procedure state:

> (d) If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> > (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> >
> > (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). Considering the forgoing rule, Defendants Shearing and Nwaobosi responses appear to satisfy the Federal Rules, and Plaintiff offers no argument to the contrary. Accordingly, Plaintiff's Motion to Compel is denied with respect to Defendants Shearing and Nwaobosi.

### **Recruitment of Counsel**

Plaintiff moves for recruitment of counsel and for the Court to reconsider its prior decision regarding recruitment of counsel. (Docs. 192. 209.) On November 23, 2016, the Court stated, "Plaintiff appears adequately capable of handling this case through the resolution of dispositive motions, including motions to dismiss and motions for summary judgment. Plaintiff may refile thereafter if his claim proceeds to trial." (Doc. 190.) Plaintiff references District Judge J. Phil Gilbert's finding that "the circumstances presented in this case warrant recruitment of counsel," which he characterizes as the law of the case. (Doc. 145.) Even assuming the law of the case doctrine applies, courts may reconsider interlocutory rulings "at any time before final judgment," and "the law of the case doctrine must yield to rational decisionmaking." *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985).

Here, there is no indication that Judge Gilbert considered Plaintiff's extensive experience as a litigator or Plaintiff's penchant for publicly expressing "firm and definite ideas as to how he wishes to proceed" even when he has the benefit of advice from recruited counsel. *See Donelson v. Kirk*, 1:14-cv-01249, Doc. 258 (N.D. Ill. 2017). Plaintiff is an experienced litigator who has pursued at least 17 actions in federal court, and Plaintiff's claim is not complex; Plaintiff alleges Defendants Shearing and Nwaobosi provided no treatment for his tonsils. Moreover, since Judge Gilbert's ruling, Plaintiff's former recruited counsel has provided Plaintiff with substantial assistance with conducting discovery, and the discovery stage has drawn to a close. Accordingly, Plaintiff's requests for recruited counsel are denied. Plaintiff may refile for recruited counsel if the case survives the summary judgment stage.

## Other Pending Motions

On April 17, 2017, Defendant Lang moved for an extension of time to April 18 to file a motion for summary judgment for the purpose of finalizing affidavits to support her motion for summary judgment. (Doc. 222.) Although the dispositive motion deadline is April 14, 2017, the motion incorrectly indicated that the deadline was on April 17, 2017. (Docs. 206, 222.) On April 18, 2017, Defendant Lang filed her motion for summary judgment. (Doc. 226.) On April 19, 2017, Plaintiff moved to strike Defendant Lang's motion for an extension of time, arguing that Defendant Lang intentionally misrepresented the Court's deadline and failed to comply with the Court's order regarding the deadline. (Doc. 230.) Although Defendant Lang misstates the deadline by three days, the Court finds no reason to believe that the misstatement was intentional. Moreover, the Court finds Defendant Lang's request for a minor extension to be reasonable and supported by good cause. Accordingly, the Court grants Defendant Lang's Motion for an Extension and denies Plaintiff's Motion to Strike.

Plaintiff requests a stay of proceedings until resolution of the pending motions. (Doc. 210.) Because this Order resolves all pending motions, with the exception of the motions for summary judgment, Plaintiff's request is denied. Plaintiff also requests an order directed at the Department of Corrections for additional time with his legal property and in the law library for the purpose of responding to motions for summary judgment. (Doc. 221.) This request is denied, but, if necessary, Plaintiff may move for additional time to submit a response.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion to Compel (Doc. 207) is GRANTED in part. Defendant Lang shall respond to Plaintiff's discovery requests by May 30, 2017. Plaintiff's Motion to Compel is DENIED in all other respects.

Defendant Lang's Motion for an Extension of Time (Doc. 222) is GRANTED. Plaintiff's Motion to Strike Defendant's Motion for Extension of Time (Doc. 230), Motion for Recruitment of Counsel (Doc. 209), Motion to Reconsider (Doc. 192), Motion to Stay (Doc. 210), and Motion for an Order (Doc. 221) are DENIED. Plaintiff's Motion for an Extension of Time (Doc. 219) is DENIED as MOOT.

**SO ORDERED.**

**DATED: May 9, 2017**                              *s/    Reona J. Daly*
                                                                  UNITED STATES MAGISTRATE JUDGE