# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DONELSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 13-CV-95-SMY-RJD |
| DR. SHEARING, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Charles Donelson's Motion for Injunctive Relief (Doc. 213). Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations (Docs. 1, 18). On January 29, 2015, the Court severed Plaintiff's claims into separate actions. The instant action pertains to Plaintiff's claim that Defendants violated his Eighth Amendment rights by denying medical treatment for his tonsils at Menard Correctional Center (Doc. 18).

On March 16, 2017, Plaintiff moved for an injunction for a medical assessment of his throat and tonsils (Doc. 213). "The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

"A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit." *Welch v. Tritt*, 2015 WL 6971312, at *1 (E.D. Wis. Nov. 9, 2015) (citing *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997)). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, 2012 WL 5425605, at *2 (C.D. Ill. 2012) (citing *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985)); *see also Lake v. Robert*, 2014 WL 3610405, at *1 (S.D. Ill. 2014); *Jackson v. Welborn*, 2013 WL 1287369, at *3 (S.D. Ill. 2013).

In his motion, Plaintiff does not offer any argument regarding the likelihood of success on the merits. Moreover, his request for relief pertains to his medical treatment at Menard Correctional Center, a facility from which Plaintiff had transferred before the commencement of this case. In an attempt to establish a connection between his claims and the instant motion, Plaintiff alleges that Defendants are "in concert" with those currently providing Plaintiff with medical treatment. This bare and unsupported allegation is insufficient to establish a connection between the relief sought in the instant motion and the claims asserted in the Complaint.

Accordingly, Plaintiff's Motion for Injunctive Relief (Doc. 213) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 30, 2017**

                                                            s/ Staci M. Yandle
                                                            **STACI M. YANDLE**
                                                            **United States District Judge**