# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES DONELSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-CV-95-SMY-RJD |
| DR. SHEARING, et. al, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff's Motion for a Preliminary Injunction (Doc. 310). Plaintiff Charles Donelson is currently an inmate at Stateville Correctional Center. On November 25, 2014, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations that allegedly occurred while he was an inmate at Menard Correctional Center (Doc. 2). On January 29, 2015, the Court severed Plaintiff's claims into separate actions (Doc 1). The Court subsequently granted Summary Judgment in favor of Defendant Aimee Lane (Doc. 246). The remaining claims are set for trial on July 16, 2018 (Doc. 306). The plaintiff is proceeding on two Counts:

**Count 1:** Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Shearing for failure to treat Plaintiff's tonsils;

**Count 2:** Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Nwaobasi for failure to treat Plaintiff's tonsils.

(Doc. 18).

Plaintiff seeks a preliminary injunction compelling Sgt. Pork, Lt. Brown, Warden Pfister, and staff at Stateville Correctional Center, to return his legal property and to grant him access to the law library and a paralegal (Doc. 310). "The purpose of preliminary injunctive relief is to

minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir.1998). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, 2012 WL 5425605, at *2 (C.D. Ill. 2012) (citing *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985)); *see also Lake v. Robert*, 2014 WL 3610405, at *1 (S.D. Ill. 2014); *Jackson v. Welborn*, 2013 WL 1287369, at *3 (S.D. Ill. 2013).

Plaintiff has not demonstrated a relationship between the instant motion and the allegations in the Complaint. The motion complains of access to the law library at Stateville Correctional Center, while the allegations of the Complaint address conditions and treatment of Plaintiff at Menard Correctional Center. Moreover, the instant motion asserts allegations against individuals who are not parties to this case. Because the allegations in the instant motion are

unrelated to those in the Complaint, Plaintiff's Motion for Injunctive Relief (Doc. 310) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  April 13, 2018**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**